We'll hear argument next in Gindi v. New York City Department of Education, 18-3057. Good afternoon. Ms. Gindi, so why don't you please get up to the podium. You've reserved three minutes for rebuttal, so you'll start off with two minutes of argument. And then I'll ask you to take a seat and we'll hear from your adversary, then you can come back with your rebuttal. Is that fair? Go ahead. My name is Lisa Gindi, I'm a former special education, New York City, New York State, former tenured, with still valid licenses, teacher, and I taught high school. And I made this appeal because I'm asking to overturn the decision to dismiss the federal question complaint, alleging that where I alleged discrimination, wrongful termination, retaliation, and violation of my civil and human rights. As I say, the decision was in favor of the New York City Department of Education, and that was in 2018. One of the decisions that the magistrate made was to take away my informer porpoise. And I was suggested that I shouldn't continue to appeal this case in any way. Especially because I need to remove a photo of John P. Guyette, who is the lawyer, who is the respondent for the Board of Education. It was a photo of him, and so I did so. And a request to have his photo redacted, I think that's the word. And so these are the reasons, with all due respect, your honors, today I am asking you please, begging you, after ten plus years of doing this lawsuit, in every single level, on every single administrative level that I've exhausted, including two arbitration hearings, Supreme Court, Federal Court, which I never got a hearing. I feel my due process was not given to me, because I never really had a hearing in the courthouses. And because it is immigration related, because upon my first firing as a teacher, it was going through a divorce from somebody who lied to me on my wedding night and left me. He was from another country, and he just wanted a green card. So I was devastated. I showed this, I told this information to my boss, Ms. Catherine Marcy. And I wrote a letter saying, I have an order of protection. While I was going through the divorce, I had made an order of protection. And she signed it, because I wanted to feel safe, because he was threatening to come to my job. So right after that, I feel that those extra D's I took from work, which I'm allowed to borrow. But I always had excellent, I had an excellent record. And of working and attendance. And- Ms. Kinsey, we have what you're saying. Obviously, this is very upsetting to you. Why don't we hear from Mr. Shapiro? For his allotted time, then we'll hear again from you. And there's some water there and. Zach Shapiro for the New York City Department of Education. I'm happy to answer any questions your honors have. If not, we'll rest on our submission. Thank you. No questions. So he just rested on the submissions. That is the written material that we got. Is there anything else you want to say in answer to that? He hasn't said anything. On the papers. He's resting on the papers. The brief that he submitted. And we've read your briefs, your materials. And we obviously understand that this is very upsetting to you. But is there anything else you need to say? Why don't you get up to the podium, then? Thank you. OK, so what I'm asking you so desperately is that because I felt retaliated against being out of work a couple of days. And because I had become extremely religious because my husband's from Israel. I'm not as religious a Jewish woman. And I had to take extra days off that you don't get paid for. You get a certain percentage of your pay. I was noticeable that I was not at work as much as usual. And students don't come. High school kids loved my class. And they came to my class. And when you're not there, it doesn't matter how beautiful your lesson plans are for the substitute teacher. They're not in class. So the school was being looked at at that time. And special education was being blamed. And my boss came after me. And she fired me. So prior to that, I guess I'm not saying in a chronological way I'm very upset. But prior to that, I was making a lot of complaints through this whole issue with my ex-husband and telling the school because they were really abusive. And I was always being mobbed by other bosses. Through the years at the Board of Education, I was physically assaulted, sexually abused, verbally. And I was worked to the point of losing 30 pounds in a month, that kind of thing. So I was always being treated differently than other people. And I didn't even understand why. But I was such a hardworking person. I just wanted to keep my job to be able to be independent. I had my own apartment. So anyway, what I'm asking today is because the federal rule 59B1 says that there's sometimes an altering or an amending of a judgment. I feel that the justice at the federal courthouse made an oversight neglecting as a time issue. I really can't. I'm sorry if the police is trying to back down. I still feel very, very nervous about this case. I can't wait another year. And I just really feel like I really want to have the entire case heard. Well, we've heard you. We've, again, had the benefit. We've read all the materials that you submitted, that Mr. Shapiro submitted. And we'll seriously consider it. And we'll reserve decision. But you should expect a decision at some point soon. Is that fair? Thank you. The US Marshals, they had to keep on reserving in federal court. The defendants didn't want to even come to court. This had gone on also in Supreme Court. OK. All kinds of things like that. Rule 52, additional findings, timeliness. They're trying to say that I didn't go to the EEOC in a timely manner, which is not true. Because it went in 2009. Indeed, we understand all those arguments. And we'll reserve decision. We'll have a decision for you soon. Thank you very much for your time. We'll hear argument next in Whitaker v. Department of Commerce, 182819.